IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 09-398-1 |
| | : | |
| v. | : | CIVIL ACTION No. 12-6425 |
| | : | |
| JUSTIN LELAND POOLER | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                **May 27, 2014**

Defendant Justin Leland Pooler, a prisoner in federal custody, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Because it is apparent from the motion and the record in Pooler's underlying criminal case that his ineffective assistance of counsel claim is meritless, the motion will be denied.

**BACKGROUND**

In August 2009, Pooler was convicted following a jury trial of one count of conspiracy to interfere with interstate commerce by robbery and one count of interfering with interstate commerce by robbery and aiding and abetting, both arising out of his involvement in an April 7, 2009, robbery of a Crown Chicken restaurant in Coatesville, Pennsylvania.[1] At trial, both of Pooler's coconspirators—David Macon and Jaquay Roane[2]—testified against him, stating Pooler proposed the robbery and served as lookout while Macon and Roane entered the restaurant and took money from a cash register at gunpoint. Following the robbery, Macon, Roane, and Pooler fled on foot to a friend's house where they divided the proceeds among themselves. In March

---

[1] Pooler was also charged with one count of using and carrying, and aiding and abetting the use and carrying of, a firearm during and in relation to a crime of violence, but the jury acquitted him of this charge.

[2] Macon and Roane both pleaded guilty to the robbery, Macon in federal court, and Roane, who was a juvenile at the time of the offense, in state court.

2010, this Court sentenced Pooler to 96 months of imprisonment on each count, to be served concurrently.

Pooler thereafter appealed his conviction and sentence, and in an opinion issued on April 27, 2011, the Third Circuit Court of Appeals affirmed.  *United States v. Pooler*, 425 F. App'x 173 (3d Cir. 2011).  Of particular relevance to the instant § 2255 motion, the Court of Appeals rejected Pooler's challenge to the sufficiency of the evidence.  Noting that Pooler had failed to preserve the issue at trial by timely moving for a judgment of acquittal at the close of the evidence, the Court of Appeals reviewed Pooler's challenge for plain error, and concluded there was sufficient evidence to support his conviction on both counts.  *Id.* at 175-76.[3]  Pooler did not seek further appellate review; therefore, his conviction became final when the time to file a petition for certiorari expired on July 26, 2011, 90 days after his appeal was decided.

In November 2012, Pooler filed the instant § 2255 motion, asserting his trial counsel was constitutionally ineffective for failing to file a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, despite Pooler's repeated requests that he do so.[4]  Pooler argues counsel's error prejudiced him in that, as a result of the error, his challenge to the sufficiency of the evidence was subject to plain error review.

**DISCUSSION**

Under § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or

---

[3] The Court of Appeals also rejected Pooler's argument that the jury's verdict was against the weight of the evidence, finding Pooler had waived the issue by failing to file a post-trial motion for a new trial in the district court and that there was "no basis for such an extraordinary form of relief" in any event.  *Id.* at 176 n.4.

[4] At this Court's request, Pooler refiled his § 2255 motion on the appropriate forms in January 2013.

laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law[] or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court may dismiss the motion without requiring a response from the Government and without holding an evidentiary hearing. *See* Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts; *see also* 28 U.S.C. § 2255(b) (requiring the court to cause notice of the motion to be served on the Government and to grant a prompt hearing thereon "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

To establish a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With regard to the performance component, the defendant must demonstrate the "representation fell below an objective standard of reasonableness," which requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687-88. To establish prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In rejecting Pooler's sufficiency of the evidence challenge on direct appeal, the Court of Appeals summarized the evidence against him as follows:

> At trial, Macon and Roane testified that Pooler devised the plan for the robbery and acted as a lookout while it took place. Surveillance footage from the

3

> restaurant corroborated their account of the incident, and showed that Pooler entered the restaurant shortly before the robbery in an apparent effort to gather information about the location. Although Pooler claims that the testimony of his accomplices was not credible, in reviewing a sufficiency claim "[w]e do not weigh the evidence or determine the credibility of the witness." *United States v. Jones*, 566 F.3d 353, 361 (3d Cir. 2009). Rather, we must affirm a verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Under these circumstances, we hold that there was sufficient evidence to conclude that Pooler participated in the robbery.

*Id.* at 175-76. With respect to the conspiracy count, the Court of Appeals held:

> At trial, both Macon and Roane testified that Pooler not only knew of the robbery, but instigated it. Moreover, Pooler played an active role in the crime by acting as a lookout while his accomplices robbed the restaurant. Viewing this evidence in the light most favorable to the Government, we hold that there was sufficient evidence to support the jury's conclusion that Pooler was guilty of conspiracy.

*Id.* at 176. In addition to this evidence cited by the Court of Appeals, Pooler's mother testified for the Government at trial, contradicting Pooler's statement to police that he was at home with her all night on April 7, 2009, the date of the robbery.

As demonstrated by the foregoing summary, the evidence at trial was sufficient to permit a rational jury to find Pooler guilty of the conspiracy and robbery charges beyond a reasonable doubt. Had defense counsel moved for a judgment of acquittal at the close of the Government's case, this Court undoubtedly would have denied the motion. *See United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc) (observing "the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979))); *see also id.* at 430-32. Although defense counsel's failure to make a Rule 29 motion at trial affected the applicable standard of review on

appeal,[5] there is no reasonability probability that had the Court of Appeals applied a different standard of review, the result would have been any different.  Indeed, although noting Pooler's sufficiency of the evidence challenge was subject to plain error review, the Court of Appeals concluded that, viewing the evidence in the light most favorable to the Government, there was sufficient evidence to conclude both that Pooler participated in the robbery and that he conspired with Macon and Roane to commit the robbery.  *Id.* at 176.  Because Pooler cannot show the failure to make a Rule 29 motion prejudiced him at trial or on appeal, his ineffective assistance of counsel claim lacks merit.  *See Strickland*, 466 U.S. at 697 (recognizing a court may dispose of an ineffective assistance of counsel claim based on a lack of sufficient prejudice without addressing whether counsel's performance was deficient).  Accordingly, his § 2255 motion will be denied.  Because Pooler has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

      An appropriate order follows.

BY THE COURT:


    /s/ Juan R. Sánchez  
Juan R. Sánchez

---

[5] Where a defendant moves for a judgment of acquittal at trial, the Court of Appeals reviews the denial of the motion de novo, applying the same deferential standard as the district court, *see United States v. Tyson*, 653 F.3d 192, 199 (3d Cir. 2011); *Jones*, 566 F.3d at 361, but in the absence of such a motion, the Court of Appeals reviews a challenge to the sufficiency of the evidence for plain error, reversing only if the verdict "constitutes a fundamental miscarriage of justice," *Pooler*, 425 F. App'x at 175 (citation omitted).